**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PASQUAL ALONZO, | Case No. 2:25-cv-02244-JAD-NJK |
| Plaintiff, | |
| v. | **ORDER** |
| | [Docket Nos. 7, 9] |
| CLARK COUNTY, NEVADA, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's first amended complaint and motion to extend time for service.[1]  Docket Nos. 7, 9.

**I.      Background**

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915(e) to proceed *in forma pauperis*.  On November 13, 2025, Plaintiff filed a complaint and application to proceed *in forma pauperis*.  Docket No. 1.  On November 25, 2025, the Court entered an order granting Plaintiff's application to proceed *in forma pauperis* and holding that Plaintiff's allegations suffice to state a colorable claim for age discrimination pursuant to the ADEA at the screening phase.  Docket No. 4.  Plaintiff filed a first amended complaint and motion to extend time for service.  Docket Nos. 7, 9.

**II.     Screening the First Amended Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

---

[1] The Court liberally construes the filings of *pro se* litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint asserts claims for age and national origin discrimination arising out of his denial of employment for an environmental specialist position with the Clark County Department of Environment and Sustainability. *See* Docket No. 7. Plaintiff brings claims pursuant to the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964. *See id.* at 10-11. Plaintiff has exhausted his administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission and receiving a right to sue letter. *See* Docket No. 1-2; *see also Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts"); *see also Bradley v. Cnty. of Sacramento Dep't of Hum. Assistance of N. California Welfare Div.*, 749 F. App'x 539, 541 (9th

Cir. 2018) (quoting *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007)) ("a state 'employee who believes [she] has been discriminated against on the basis of age must file a complaint with the EEOC within 180 days of the alleged discrimination, or 300 days in a deferral state'").

The ADEA makes it unlawful "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To plausibly allege a failure to hire claim pursuant to the ADEA, a plaintiff must show that: "(1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) after he was rejected, a substantially younger applicant was selected." *E.E.O.C. v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1062 (E.D. Cal. 2010) (citing *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 460 (6th Cir. 2004)); *see also Kim v. Univ. of Guam*, No. CV 23-00026, 2024 WL 4350188, at *14 (D. Guam Sept. 30, 2024). Construing Plaintiff's complaint liberally, Plaintiff alleges that (1) he was 40 years old when he applied for the environmental specialist position; (2) he was not selected for the position; (3) he exceeded the minimum qualifications for the position and scored higher on the objective application screening than the selected candidate; (4) a 27-year-old candidate was selected for the position. *See* Docket No. 7 at 2-11. Such allegations suffice to state a colorable claim for age discrimination pursuant to the ADEA at the screening phase.[2]

**III.    Motion to Extend Time for Service**

For good cause shown, the Court **GRANTS** Plaintiff's motion to extend time for service. Docket No. 9.

---

[2] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss the complaint. A complaint is subject to dismissal at the screening stage if it fails to state "*a claim* on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Hence, it suffices to survive screening that Plaintiff has stated one claim. *See, e.g.*, *Bem v. Clark Cnty. Sch. Dist.*, No. 2:15-CV-00067-JAD-NJK, 2015 WL 300373, at *3 n.1 (D. Nev. Jan. 21, 2015). The Court express no opinion as to the sufficiency of the complaint as to any claim other than the ADEA claim addressed above.

## IV.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's motion to extend time for service is **GRANTED**.  Docket No. 9.  Service of the first amended complaint must be completed by May 21, 2026.

2. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: February 20, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

4