**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Pasqual Asenio Alonzo,

Plaintiff,

v.

Clark County, Nevada,

Defendant.

Case No. 2:25-cv-02244-JAD-NJK

**Order**

[Docket No. 30]

Pending before the Court is Plaintiff Pasqual Asenio Alonzo's motion to compel discovery.[1] Docket No. 30.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v.*

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[2] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

More than technical compliance is required to establish meet and confer obligations are met. *Bliss v. CoreCivic, Inc.*, 2022 WL 2498997, at *1 (D. Nev. June 2, 2022). A proper meet and confer requires "meaningful discussions of the substance of the parties' dispute in a genuine effort to avoid judicial intervention." *Id.* (internal citation omitted). "The meet and confer requirement is more than a formalistic prerequisite, and the parties must treat the process as a means to substitute judicial resolution." *Mendoza v. Amalgamated Transit Union International*, 2019 WL 9100188, at *5 (D. Nev. June 24, 2019) (internal quotation marks and citations omitted).

The motion clearly demonstrates that no proper meet and confer occurred. *See* Docket No. 30. Plaintiff submits that the parties discussed some of the discovery issues, but not all of them. Docket No. 30 at 9; Docket No. 32 at 2. Additionally, after the parties met and conferred over the telephone, they continued their discussions in written form. Docket No. 30 at 9-10; Docket No. 31 at 7-8. Further, the parties had not finished discussing the issues when Plaintiff filed his motion to compel. Docket No. 31 at 8. Finally, the landscape of discovery has changed since the motion to compel was filed but no renewed meet and confer has occurred. Docket No. 31 at 2-5, 9; Docket No. 32 at 4-5.

. . . .

---

[2] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

Accordingly, the Court **DENIES** without prejudice Plaintiff's motion to compel. Docket No. 30. Prior to the filing of a renewed motion, the parties must engage in a robust, sincere meet and confer with meaningful discussions of the substance of the parties' dispute in a genuine effort to avoid judicial intervention.[3]

IT IS SO ORDERED.

Dated: November 19, 2026

Nancy J. Koppe
United States Magistrate Judge

[3] Seeking judicial intervention on discovery disputes is *strongly discouraged*. The Court does not generally entertain requests for informal resolution of discovery disputes, so discovery disputes must ordinarily be presented through proper motion practice. Such motion practice must include a statement certifying that the parties could not satisfactorily resolve the matter after personal consultation and sincere effort to do so.